United States District Court
Southern District of Texas
**ENTERED**
January 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JPG RENEWABLES, LLC | § § | CHAPTER 7 |
| DEBTOR. | § | BANKRUPTCY CASE NO. 23-30628 |
| | § § § § § | |
| JUAN FERNANDO PASTRANA, *et al.*, | § § | |
| Appellants, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-00698 |
| BESTRENEWEDOIL, LLC,, *et al.*, | § § § | |
| Appellees. | § | |

## MEMORANDUM AND ORDER

The Court considers the appeal from Bankruptcy Court of an adversary action arising from a failed investment. The Court has jurisdiction to hear the appeal under 28 U.S.C.§ 158(a)(1), and it affirms the Bankruptcy Court's judgment.

### I. THE PARTIES

Plaintiffs-Appellees ("Plaintiffs") are investors Carlos Ramirez, and Bestrenewedoil LLC. Defendants-Appellants ("Defendants") are Juan Fernando Pastrana ("Pastrana"), JPG Renewables, LLC ("JPG"), and Lub-Line LLC. Defendants conceived and brokered the deal, and they elicited Plaintiffs' investment.

1

After a bench trial, the Bankruptcy Court found in favor of Plaintiffs. The Court awarded Plaintiffs actual and exemplary damages.[1]

## II.    THE ISSUES

The Court received an initial round of lengthy briefing and held a lengthy telephonic hearing. The Court requested supplemental briefing and then held another lengthy telephonic hearing. During the course of the advocacy, the Court and the parties appeared to agree that the two principal issues were whether Plaintiffs' claims were defeated by the applicable statute of limitations, and whether the disclaimers that Defendants made immunized Defendants' misstatements from liability.

That Defendants made material misrepresentations to Plaintiffs is not in dispute. As noted in the Bankruptcy Court's Memorandum and Opinion, "It is undisputed that the parties signed confidentiality agreements and that [Defendants] voluntarily disclosed false information that conveyed a false impression." Memorandum Opinion of February 7, 2024, at 8 [hereinafter "Opinion"].

## III.    DISCUSSION

Plaintiffs claim that Defendants are liable for fraud and fraudulent inducement committed while procuring Plaintiffs' purchase of membership interests in JPG for a collective total of $3.25 million. Plaintiffs further contend that Defendants misappropriated assets belonging to JPG. The goal of the enterprise was to build an oil recycling facility in Pearland, Texas. The ownership of the land on which the project was to be built was misrepresented by Pastrana. The project never broke ground.

---

[1] Other named parties originally a part of the case are not involved in the appeal.

In their opening appellate briefing, Defendant did not challenge the Bankruptcy Court's finding that they made false statements of material fact with intent to deceive. Dkt 16 at 32. The misrepresentations included overstatements of the amount Patrana had invested in the project and falsehoods concerning the ownership of the land on which the project was to be constructed. Although they do not deny the falsity of their misrepresentations, Defendants argue that Plaintiffs' claims are barred by Texas' four-year statute of limitations. The relevant dates are as follows.

| | |
|---|---|
| August 28-29, 2014 | Plaintiffs parted with their money. |
| January 17, 2017 | Meeting between parties at which time Plaintiffs first became aware that Defendants had made material misrepresentations. |
| March 13, 2019 | Plaintiffs filed suit. |

Four years clearly had run between the time of Plaintiffs' investment and the time Plaintiff filed suit. Plaintiffs contend, however, that Defendants' acts of fraudulent concealment tolled the statute of limitations such that it did not start running until January 17, 2017, when Pastrana revealed the perilous financial status of the project. Defendants respond that Plaintiffs, with the exercise of due diligence, should have been able - - long before January 17, 2017 - - to figure out that specific information Defendants made available was false. By similar due diligence, Defendants argue, Plaintiffs should have been able to determine that other representations Defendants made to Plaintiffs were materially incomplete and incorrect.

This is an audacious argument. Defendants contend that, even though they were lying to Plaintiffs, it was Plaintiffs' responsibility to figure out they were being lied to. They also contend that, because Plaintiffs trusted Defendants, Plaintiffs should bear the huge financial loss that resulted.

In particular, Defendants claim that the true status of the ownership of the land to be used for the construction of the oil recycling facility could have been determined by checking county

3

deed records. There are at least two major reasons that this argument fails. First, there is some ambiguity about whether Pastrana had represented that he had transferred the land to JPG, or he owned the land and would soon transfer it. If the latter, the deed records would not have provided Plaintiff with an indication that Defendants had made fraudulent misrepresentations. Nor would the deed records have reflected misrepresentations Pastrana made about his use of other assets.

Secondly, "Texas courts have never held that a purchaser's failure to search the deed records would bar his fraud action against the seller." JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C., 546 SW.3d 648, 658 (Tex. 2018).

Defendants also contend that, even though misrepresentations were made, Plaintiffs were also issued disclaimers that provided ample warning that the information conveyed by Defendants to Plaintiffs could not be relied on. Bankruptcy Judge Norman provided the correct response to this argument:

> This Court is unwilling to hold that the financial disclosure in the [Private Placement Memorandum] can in effect be a horrendous lie but that lying is acceptable if you draft a sufficient disclaimer. This would be an abhorrent result.

Opinion at 6.

Defendants have offered no reason to controvert Judge Norman's holding. This would, of course, be an entirely different case if the Defendants were accused only of having make projection about a business' future profitability that turned out to be inaccurate. Guevara v. Lackner, 447 S.W.3d 566 (Tex. App. 2014). In this instance, Defendants intentionally made misrepresentations about existing facts. They are entitled to no relief.

## IV.   CONCLUSION

The judgment of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED.**

   Signed at Houston, Texas on January 3, 2025.

_____
Keith P. Ellison
United States District Judge